CRYSTAL ICE COMPANY v. JOSEPH SHERLOCK.

FILED MAY 9, 1893.    No. 5021.

1. **Master and Servant:** NEGLIGENCE OF FOREMAN: LIABILITY OF MASTER.   Where a foreman, having charge of laborers, directs one of them to perform certain work, in such manner and under such circumstances as to subject the said laborer to great danger of injury, the company for whom the said foreman is acting cannot shield itself from liability for damage under such circumstances caused directly to such laborer by the negligent order of such foreman, upon the ground that the only negligence imputable to the foreman consisted in the performance of an act of mere manual labor in setting in motion the agency which caused the injury, and that thereby the foreman, as to such act, was reduced to the grade of a co-servant of the injured party.

ERROR from the district court of Douglas county.   Tried below before IRVINE, J.

*C. A. Baldwin*, for plaintiff in error.

*Moriarty & Berka, contra.*

RYAN, C.

The defendant in error brought suit in the district court of Douglas county against the Crystal Ice Company for an injury received while in the employ of the said company. The petition alleged that the defendant in error was engaged with some ten or twelve other persons in handling and depositing in said company's ice house blocks of ice,

which were elevated some distance by means of an inclined chute, then by means of a descending chute said blocks were landed in the ice house; that while so engaged one of the blocks of ice stuck fast in the latter chute, whereupon the foreman in charge of the work directed the defendant in error to disengage said block, and that while the defendant in error was engaged in complying with said order, the said foreman, without warning the said defendant in error, and while defendant in error's back was toward said superintendent, carelessly and negligently set free and sent down said chute another piece of ice of the weight of about 140 pounds, which struck defendant in error and severely injured him, without fault on his part. The recovery prayed was for pain, loss of time, medical attendance, etc., the alleged proximate result of said injury. The plaintiff in error took no exception as to the instructions, either given or refused. The questions presented by the brief of the plaintiff in error will be considered in order as presented upon the brief filed on that behalf.

It is insisted that the petition below failed to state a cause of action, for that, as plaintiff in error insists, there was no averment therein charging, or attempting to charge, the ice company with any carelessness or negligence in any respect whatever, either in respect to the employment of a competent foreman, or in the construction of the chute, or in respect to any of the appliances in use about the carrying on of the work of the ice company; nor was there, as plaintiff in error claims, any averment that the employment, the nature of the business, or the place where the accident occurred, was in any degree hazardous or dangerous. Fairly construed, the petition charged the company with negligence and carelessness by reason of the above charged carelessness and negligence of its foreman, which, as the defendant in error alleged, was the proximate cause of the injury which he received.

The next and final contention of the plaintiff in error

is, that the company, while it was concededly responsible for the acts or default of its agent in his capacity as a manager or vice-principal, was not otherwise liable.   In other words, as applied to the facts of this case, the plaintiff in error argues that as the injury was caused by setting free the piece of ice which caused the damage sued for, plaintiff in error should not be held liable, though the act was done by its foreman, for such act was not peculiarly within the scope of the foreman's duties, but was rather one the performance of which properly fell within the class of labor properly to be performed by the laborers under the direction of said foreman.   The difficulty with this argument is that it loses sight of the fact that the defendant in error was placed in a dangerous place and required to do an act which of necessity forbade his avoidance of injury, should the foreman set in motion a piece of ice from a point above where the foreman's orders required him to go.   Suppose now that this piece of ice had been detached by a fellow-servant of the defendant in error, under the orders of the foreman, after the foreman who had so located the defendant in error that he must inevitably suffer if the order was executed, could it with any propriety be claimed that the company was relieved of liability simply because the agency which caused the injury was set in motion by a fellow-servant?   In such case, as in the one at bar, the negligence and carelessness pertained not to the mere manual act of releasing the ice which caused the injury, but was rather imputable to the order which placed defendant in error in such situation, under such circumstances that injury to him was unavoidable from the foreman's setting in motion the ice which caused the damage.

The judgment of the district court is

AFFIRMED.

RAGAN, C., concurs.

IRVINE, C., having presided on the trial of this case in the district court, took no part in its present consideration or determination.