MIKE BENAK, APPELLEE, V. PAXTON & VIERLING IRON WORKS, APPELLANT.

FILED JANUARY 20, 1910.   No. 15,877.

1. **Master and Servant:** INJURY TO EMPLOYEE: VICE-PRINCIPAL. "Whether one of several employees of the same master is a vice-principal as to his co-employees, or whether all are fellow servants, is not always a question of fact, nor always a question of law. Generally it is a mixed question of law and fact, and to be determined in any case by the particular facts and circumstances in evidence in the case in which it is presented." *Union P. R. Co. v. Doyle*, 50 Neb. 555.

2. ———: VICE-PRINCIPAL. If the master clothes an employee with authority to control and direct another servant, the superior servant in exercising such authority is a vice-principal to the servant under his control.

3. ———: INJURY TO EMPLOYEE: VICE-PRINCIPAL. If a perilous position assumed by a servant in performing his work is the result of a command from his superior exercising authority as vice-principal, and the subordinate is injured, the mere fact that the act which occasioned that injury was performed by such superior in the discharge of the regular duties for which he was employed by the master does not, as a matter of law, create the relation of fellow servants between the parties at the moment of injury.

4. ———: ———: CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK. A servant who has been induced to commence or continue to work by his master's promise to remedy dangerous conditions surrounding the servant's employment may continue his work

without being guilty of contributory negligence or assuming the risk of injury from such conditions, so long as he may reasonably expect the master's promise to be kept, unless the danger is so obvious that no reasonably prudent person would continue work under those conditions.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Greene, Breckenridge & Matters,* for appellant.

*T. W. Blackburn,* contra.

ROOT, J.

This is an action for personal injuries caused by defendants' alleged negligence. Plaintiff prevailed, and defendant appeals.

1. Defendant insists that the evidence does not sustain the verdict. It is undisputed that defendant is a corporation engaged, among other things, in molding and selling iron castings. Defendant employs one general superintendent and several foremen. Particles of burned sand adhere to, and protuberances of iron appear upon, the surface of castings fresh from the molds. The castings are placed in a yard, referred to as the "scratch shop," and workmen with chisels, hammers and wire brushes remove the sand and protuberant metal. Ordinarily the castings are first brushed, and only in emergencies the laborers with chisel and hammer work on a casting while it is being brushed. At the time plaintiff was injured the men working in the scratch shop were under the control of a Mr. Winther. In Winther's absence Dan Collins, a workman, directed his fellow servants and told them what to do. Collins had 25 years' experience in chipping and smoothing castings, and had been in defendant's employ about 5 years. Plaintiff is a native of Bohemia, speaks the English language with difficulty, but can understand many simple words in that tongue. He has resided in America about 17 years, and

had worked for defendant 9 months when injured. The evidence is conflicting concerning the other facts, but giving plaintiff the benefit, which a verdict in his favor entitles him to, it may be said that while in defendant's employ he engaged in unskilled labor, but worked the greater part of the time in the scratch shop; ordinarily Winther told him what to do, but Collins had directed him in his work on various occasions. On the morning of the day in question plaintiff worked about the scratch shop under Collins' directions, and was scraping sand into a heap when ordered by Collins to brush the sand from a casting about 18 inches in height, constructed for the base of a column. Plaintiff obeyed the order, and either bent over or knelt upon the ground to perform his work. Collins was working with chisel and hammer upon the casting. A chip of iron struck plaintiff in the face and he abandoned the work, whereupon Collins said: "Come back, I will be careful." Plaintiff, believing his foreman, returned, continued brushing, and was hit upon his left eyeball by a chip or sliver of iron cut off the casting by Collins.

Upon this state of facts defendant asserts that, although Collins may have severed the chip which injured plaintiff, the former was Benak's fellow servant, the danger was incident to the employment, and was obvious to and assumed by plaintiff. Plaintiff, on the other hand, argues that Collins was a vice-principal; that his order to plaintiff to brush the casting in the first instance was defendant's command, and his promise to be careful after Benak objected and quit the work was the master's assurance, which plaintiff had a right to rely upon; that the danger was not obvious, and that Collins' negligence was defendant's negligence.

Collins' relation to Benak is an important element in this case. In *Union P. R. Co. v. Doyle,* 50 Neb. 555, we held that ordinarily it is a mixed question of law and of fact whether one of several employees of a common master is a vice-principal to, or a fellow servant of, the other

employees. The trial court in the instant case instructed the jurors that, if plaintiff had proved by a preponderance of the evidence that at and immediately prior to the accident Collins was clothed by defendant with authority to direct, govern and control plaintiff concerning the place he should work and the method of performing his labor, Collins was a vice-principal. Defendant complains of the use in this instruction of the words "and immediately prior to," but the quoted language is surplusage, and not in any manner prejudicial. The instruction is fair and states the settled law of this state. In an instructive opinion prepared by Mr. Chief Justice Cobb in *Chicago, St. P., M. & O. R. Co. v. Lundstrom,* 16 Neb. 254, we held, following the supreme court of Ohio, that a superior servant of a corporation clothed by it with authority to direct and control another servant in his work is in that regard a vice-principal to, and not a fellow servant of, the subordinate servant. In *Chicago, B. & Q. R. Co. v. Sullivan,* 27 Neb. 673, we held that a car repairer vested with authority to direct and control another repairer in his work was a vice-principal, and the master was liable for the vice-principal's negligence. *Union P. R. Co. v. Doyle,* 50 Neb. 555; *New Omaha T.-H. E. L. Co. v. Baldwin,* 62 Neb. 180; *Foster v. Missouri P. R. Co.,* 115 Mo. 165, 180; *Steube v. Iron & Foundry Co.,* 85 Mo. App. 640; *Illinois Steel Co. v. Schymanowski,* 162 Ill. 447. The principle of law is humane and should be construed with reasonable liberality in the interest of the employee.

2. Defendant urges that, although Collins may have been a vice-principal to Benak, yet the latter received his injuries from a hazard incident to his employment; that Collins in chipping the casting was performing an act of service, and not of authority, and therefore defendant is not liable. The court instructed the jurors that plaintiff assumed the usual and ordinary risks incident to his employment, and, if it was an ordinary incident of the work for fragments of iron to fly, the risk of injury therefrom was assumed by him, unless he complained to his master

of the dangerous conditions under which he was directed to labor and thereafter continued to work under the master's promise to remedy the defect, and in that event he did not assume the hazard, unless the danger was so obvious that he could not by the use of ordinary care and skill pursue the work in safety. The court further instructed the jurors that, if defendant through its assistant foreman directed Benak to brush a casting which said foreman was chipping, and after commencing his work Benak called said foreman's attention to the fact that the latter's conduct was making the place dangerous to work in; that the foreman promised to keep the place reasonably safe and directed plaintiff to continue his work, and that Collins thereafter negligently performed his work so as to make the said place dangerous, plaintiff might recover, provided he had not assumed the risk and that Collins' negligence was the proximate cause of Benak's injury.

In *Sapp v. Christie Bros.,* 79 Neb. 701, 705, we held that a servant does not in every instance assume the risk of machinery and appliances, which, although dangerous, may be safely used by the exercise of reasonable care and skill, but that, if the servant is induced to commence or continue employment upon the master's promise to remedy defective appliances, the servant will not have assumed the risk, nor would he be guilty of contributory negligence by continuing to labor with the appliances for a reasonable time in anticipation of such repairs, unless the danger was so obviously imminent and immediate that no reasonably prudent person would begin or continue the work under those conditions.

In the instant case the appliances were not in themselves dangerous, nor was the place in which the work was to be performed dangerous from inherent conditions, but the danger, if any, over and above that incident to a reasonable prosecution of the work, was created by the action of the foreman, who in response to orders from defendant's office was rushing the work upon a particular cast-

ing. The evidence tends strongly to prove that in the usual course of smoothing castings there is but little danger of injury from flying fragments or iron, but if two men work at the same time upon the same side of a casting the hazard is increased many fold. Particularly would this be true of a man wielding a brush under such circumstances as surrounded plaintiff when he was injured. When it became manifest to Benak that he was liable to be injured by Collins, the subordinate servant notified his master by the statement made to the assistant foreman that the place, under the circumstances, was a dangerous one to work in, but returned upon the vice-principal's assurance that the work would be prosecuted with care. The jurors were justified in finding from the evidence that Collins should have chipped the side of the casting opposite the surface Benak was brushing. Under the circumstances, it seems to us this case is within the reason sustaining the principle announced in the cited cases. It is well settled that, if a foreman having charge of laborers directs one of them to perform his work in such a manner and under such circumstances as to subject the subordinate to great danger of injury, and he is injured thereby, the principal will be liable. *Crystal Ice Co. v. Sherlock*, 37 Neb. 19; *Norton Bros. v. Nadebok*, 190 Ill. 595; *Harsen v. Northern P. R. Co.*, 120 N. W. (Wis.) 826.

Whether defendant's liability, if any, should be ascertained by an application of the principle that the master must exercise reasonable prudence to furnish his servant a reasonably safe place to work in, the nature of the employment being considered, or whether, from a consideration of the doctrine that a vice-principal may not, in the exercise of authority delegated to him by his master, negligently place a fellow servant in peril and then negligently injure him, does not seem to us material. The peculiar facts in this case bring it within both rules, evidence relevant in support of one theory, sustains the other, and if either one is established, the master is liable.

Upon vital issues joined the evidence is conflicting, and will sustain a finding for or against either party according to findings of the triers of fact. The verdict of the jury upon those questions is conclusive upon us. The trial judge, upon the issues and the evidence, instructed the jury as succinctly, cautiously and accurately as defendant had a right to demand, and the errors assigned because of the giving and refusing to give instructions are overruled.

3. We shall not specifically mention the alleged errors committed in the admission and exclusion of testimony. All have been examined, and none of them presents serious questions for consideration. Upon the entire record, we are constrained to find that defendant was given a fair trial, and that there is sufficient evidence to sustain the verdict of the jury.

The judgment of the district court therefore is

AFFIRMED.